| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK<br>----------------------------------------------------------------X<br>ROBERT PERRY,<br><br>         Plaintiff,<br><br>   -against-<br><br>HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT, et al.<br><br>         Defendants.<br>----------------------------------------------------------------X | For Online Publication Only<br><br><br>**ORDER**<br>20-CV-5656 (JMA) (SIL)<br><br>**FILED**<br>**CLERK**<br><br>12/15/2020 4:11 pm<br><br>**U.S. DISTRICT COURT**<br>**EASTERN DISTRICT OF NEW YORK**<br>**LONG ISLAND OFFICE** |

**AZRACK, United States District Judge:**

  Before the Court is the in forma pauperis application filed by Robert Perry ("Plaintiff"). For the reasons that follow, the application to proceed in forma pauperis is denied. Plaintiff shall remit the $402.00 filing fee within fourteen (14) days from the date of this Order. Plaintiff is cautioned that his failure to timely comply will lead to the dismissal of his complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

  To qualify for in forma pauperis status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont De Nemours & Co., 335 U.S. 331, 339 (1948) (internal quotation marks omitted). The purpose of the statute permitting litigants to proceed in forma pauperis is to ensure that indigent persons have equal access to the judicial system. Davis v. NYC Dept. of Educ., No. 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. August 27, 2010) (citing Gregory v. NYC Health & Hospitals Corp., No. 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for in forma pauperis status is within the discretion of the district court. Pinede v. New York City Dep't of Envtl. Prot., No. 12-CV-06344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (collecting cases). The Court may

dismiss a case brought by a plaintiff requesting to proceed in forma pauperis if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A).

Plaintiff reports that he has $7,219.00 in cash or in a checking or savings account and indicates that he has no debts, financial obligations, or dependents. (See ECF No. 2 at ¶¶ 4, 7-8.) Plaintiff reports regular monthly expenses that total $2,400.00 and indicates that he has received disability or worker's compensation payments in the past twelve months but has not provided the amount on the application. (Id. at ¶¶ 3(d), 6.) However, Plaintiff has also filed an application for the appointment of pro bono counsel to represent him in this case. (See ECF No. 5.) There, he reports having received monthly Social Security Disability payments in the sum of $1,009.00 during the past twelve months. (Id. at ¶ 3.)

Given Plaintiff's financial position, he has not demonstrated that he cannot afford the $402.00 filing fee. Accordingly, because Plaintiff's application demonstrates that he has sufficient resources to pay the filing fee, Plaintiff does not qualify for in forma pauperis status. See Wrenn v. Benson, 490 U.S. 89, 90 n.4 (1989) (per curiam) (denying leave to proceed in forma pauperis based on review of information contained in the supporting affidavit of indigency); Grimes v. Sil, No. 19-CV-1066, 2019 WL 981639, *1 (E.D.N.Y. Feb. 27, 2019) (denying in forma pauperis status where application reflected plaintiff had "sufficient resources to pay the $400.00 filing fee" including $3,500 in a checking or savings account); Garland-Sash v. Stutz, No. 05-CV-4207, 2006 WL 8439319, *1 (E.D.N.Y. Aug. 3, 2006) (denying leave to proceed in forma pauperis where a plaintiff reported assets including $3,000 in her checking account). Plaintiff's declaration establishes that he can pay the $402.00 filing fee and still provide himself with the necessities of life. Adkins, 335 U.S. at 339.

2

Accordingly, Plaintiff's motion to proceed in forma pauperis is denied. Plaintiff is directed to pay the $402.00 filing fee within fourteen (14) days of the date of this Order or the action will be dismissed without prejudice. The Court holds Plaintiff's application for the appointment of pro bono counsel in abeyance pending payment of the filing fee.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED**.

Dated: December 15, 2020
Central Islip, New York

  /s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE