Law Offices of
# Thomas M. Volz, PLLC

| | | |
|---|---|---|
| Thomas M. Volz | 280 Smithtown Blvd. | Anthony S. DeLuca |
| Michael G. Vigliotta | Nesconset, NY 11767 | |
| David H. Arntsen | (631) 366-2700 | Joshua S. Shteierman |
| | FAX (631) 256-1704 | *Counsel* |
| | jshteierman@tvolzlaw.com | |

April 12, 2021

Honorable Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, NY 11722

      Re:    <u>Perry v. Half Hollow Hills CSD, et al</u>.
              Case No. 20-cv-5656

Dear Judge Azrack:

We are the attorneys for the defendants in the above matter. We write pursuant to your Honor's Individual Rules to request a premotion conference for defendants' anticipated motion to dismiss.

### Facts:

The Amended Complaint alleges that the plaintiff was employed by the Half Hollow Hills CSD (hereinafter "District") as a paraprofessional. [DE #13]. He alleges that during the 2017/2018 school year he was discriminated against and subject to retaliation due to his race, age and disability status in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA") and the Americans with Disabilities Act ("ADA"). [DE #13]. Plaintiff alleges that he was sent home on October 10, 2018 in retaliation for writing a letter reporting the hostile and offensive work environment he was experiencing. [DE#13].

Not mentioned, but integral to the Amended Complaint, is the fact that as part of a stipulation of settlement, the plaintiff resigned from his employment with the District on February 15, 2019. Moreover, as part of that settlement, the plaintiff released the District and its employees, from any and all causes of actions or claims arising under Title VII, the ADEA, the ADA, and the New York State Human Rights Law, §296. Said Agreement was executed on March 1, 2019.

It is respectfully submitted that not only does the Amended Complaint fail to establish claims arising under Title VII, the ADEA or the ADA, but that the plaintiff has previously released the District from any such claims and therefore the instant matter must be dismissed.

### Legal Argument

In addition to the release plaintiff signed which serves as an absolute bar to any of the claims he now seeks to assert, even if considered, for the following reasons the Amended Complaint fails to state a claim for which relief can be granted.

Honorable Joan M. Azrack          Page 2          April 12, 2021
United State District Judge

    Re:     <u>Perry v. Half Hollow Hills CSD, et al</u>.
              Case No. 20-cv-5656 (JMA)(SIL)

**<u>Title VII</u>**

Raced-based employment discrimination claims under Title VII are all analyzed under the three-step burden shifting framework set forth in <u>McDonnell Douglas Corp v. Green</u>, 411 U.S. 792, 802 (1973). <u>Feingold v. New York</u>, 366 F.3d 138, 159 (2d Cir. 2004). The <u>McDonnell Douglas</u> framework requires that the plaintiff first must make a *prima facie* case of discrimination by demonstrating that (1) he is a member of a protected class, (2) he was qualified for the position, (3) he suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See* <u>McDonnell Douglas</u>, 411 U.S. at 802.

Here, the Amended Complaint does not specify the racial discrimination the plaintiff believes he incurred. To be sure, the plaintiff appears to be alleging that his "being sent home" was the result of a letter he allegedly wrote wherein he complained of a hostile work environment. [DE#13]. However, the Amended Complaint makes no reference to any form of racial discrimination which led to an adverse employment action.

**<u>Age Discrimination in Employment Act ("ADEA")</u>**

ADEA claims are analyzed under the familiar "McDonnell Douglas framework." <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792 (1973). To establish a prima facie case of age discrimination under the ADEA, the Complainant must demonstrate the following: (1) he was within the protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See* <u>Terry v. Ashcroft</u>, 336 F.3d 128, 137-138 (2d Cir. 2003).

Assuming a prima facie case is established, the burden shifts to the employer to provide a legitimate, nondiscriminatory reason for the adverse employment action. <u>Leibowitz v. Cornell University</u>, 584 F.3d 487, 499 (2d Cir. 2009). If the employer clears this hurdle, "the presumption of discrimination" created by the prima facie case drops out of the analysis, and the employer will be entitled to judgment unless the employee can point to evidence that reasonably supports a finding of prohibited discrimination. <u>Mario v. P&C Food Markets</u>, 313 F.3d 758, 767 (2d Cir. 2002).

Under federal law, in response to an employer's legitimate and nondiscriminatory explanation, a claimant must now show that those explanations are mere pretext and that his or her age was the ***"but for"*** reason, and not just a contributing or motivating factor, for an adverse employment action. *See* <u>Gorzynski v. Jet Blue Airways Corp.</u>, 596 F.3d 93, 106 (2d Cir. 2010); <u>Dimitracopoulos v. City of New York</u>, 26 F.Supp.3d 200, 213 (E.D.N.Y. 2014).

Fundamentally, the Amended Complaint is silent as to the plaintiff's age and therefore it is impossible to assess whether he falls within the statute's protected class. Moreover, the Amended Complaint contains no facts which would establish that the plaintiff's age was the "but for" reason behind the alleged adverse employment action.

Honorable Joan M. Azrack          Page 3          April 12, 2021
United State District Judge

    Re:    <u>Perry v. Half Hollow Hills CSD, et al</u>.
            Case No. 20-cv-5656 (JMA)(SIL)

**Americans with Disabilities Act ("ADA")**

To establish a claim for disability discrimination, plaintiff must show that: (1) his employer is subject to the ADA; (2) he suffers from a disability within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered an adverse employment action because of his disability. *See* <u>Jacques v. DiMarzio, Inc</u>., 386 F.3d 192, 198 (2d Cir. 2004) *citing* <u>Cameron v. Cmty. Aid for Retarded Children, Inc</u>., 335 F.3d 60, 63 (2d Cir. 2003). With respect to the third element, "it is generally the responsibility of the individual with a disability to inform the employer that an accommodation is needed." <u>McElwee v. Cty. of Orange</u>, 700 F.3d 635, 641-42 (2d Cir. 2012) (internal quotation marks and citation omitted). "

In the instant matter, other than listing "vertigo" and "heart" as disabilities, the Amended Complaint does not state how the District discriminated against him because of those disabilities. In fact, the Amended Complaint is silent as to how his ultimate resignation had anything to due with any disabilities he may have and most significantly, does not set forth any facts that the plaintiff disclosed his disabilities to the District, or that the District failed to accommodate the plaintiff.

It is respectfully requested that the Honorable Court grant the District defendants' request for a premotion conference to file a motion to dismiss.

The Court's attention to this matter is gratefully appreciated.

                                      Respectfully Submitted,

                                      The Law Offices of Thomas M. Volz, PLLC.

                                      Joshua S. Shteierman

CC:

    Robert Perry
    *Plaintiff Pro Se*
    259 Overlook Place
    Baldwin, NY 11510