| UNITED STATES DISTRICT COURT | For Online Publication Only |
|---|---|

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ROBERT PERRY,

                     Plaintiff,

      -against-

HALF HOLLOW HILLS CENTRAL SCHOOL
DISTRICT, et al.,

                   Defendants.
----------------------------------------------------------------X

**For Online Publication Only**

**ORDER**
20-CV-5656 (JMA) (JMW)

**AZRACK, United States District Judge:**

Before the Court is the application for the appointment of pro bono counsel to represent plaintiff, Robert Perry ("plaintiff"), in this case. For the reasons that follow, the application for the appointment of pro bono counsel is denied without prejudice and with leave to renew when this case is marked ready for trial if circumstances warrant such an application.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915(e)(1), courts may appoint an attorney to represent someone who is unable to afford counsel. Courts possess broad discretion when determining whether appointment is appropriate, "subject to the requirement that it be 'guided by sound legal principle.'" Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 171-72 (2d Cir. 1989) (quoting Jenkins v. Chemical Bank, 721 F.2d 876, 879 (2d Cir. 1983)). The Second Circuit set forth the principle as follows:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment

of counsel would be more likely to lead to a just determination." Hodge v. Police Officers, 802 F.2d 58, 61-62 (2d Cir. 1986). The Second Circuit also held that these factors are not restrictive, and that "[e]ach case must be decided on its own facts." Id. at 61. See Brooks v. State of New York, 92-CV-1508, 1992 WL 320402, at *3 (S.D.N.Y. Oct. 29, 1992) (denying, without prejudice, appointment of counsel based on failure to satisfy requisite showing of likely merit). Further, "the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the plaintiff be unable to obtain counsel 'before appointment will even be considered.'" Ahmad v. White Plains City School Dist., 18-CV-3416, 2020 WL 3972274, at *2 (S.D.N.Y. July 14, 2020) (citing Morris v. Moran, 12-CV-7020, 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014) (quoting Hodge, 802 F.2d at 61 ("In our view, the language of the statute itself requires that the indigent be unable to obtain counsel before appointment will even be considered."); also citing Justice v. Kuhnapfel, 982 F. Supp. 2d 233, 235 (E.D.N.Y. 2013) ("A plaintiff requesting appointment of counsel must show that [ ]he is unable to obtain counsel before appointment will even be considered." (quotation marks omitted)).

The Court has reviewed plaintiff's application together with the amended complaint and the record and finds that the appointment of counsel is not warranted at this stage of the litigation. Even assuming that the threshold requirement of Hodge is satisfied, the Court is unable, at this juncture, to conclude - - after considering the Hodge factors in the context of plaintiff's application and the amended complaint - - that the appointment of counsel is warranted. Notwithstanding the concerns raised in plaintiff's motion, he has demonstrated an ability to make applications to the Court and to amend his complaint. Thus, the Court concludes that plaintiff is able at this stage of the litigation to prosecute his case and that there is no special reason to appoint counsel.

Moreover, notwithstanding plaintiff's representation that he cannot afford to retain an attorney, the Court denied his in forma pauperis application given his reported financial position (see ECF No. 6) and his present application reflects that plaintiff has $2,000 in his checking account and receives monthly income that totals $3,656.12. (See ECF No. 19.) Given that he reported no debts or other financial obligations, and that his regular monthly expenses total approximately $2,400.00, his inability to afford counsel is dubious.

Accordingly, plaintiff's application for appointment of counsel is denied without prejudice to plaintiff renewing the application when this case is marked ready for trial, if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter.

## CONCLUSION

For the reasons set forth above, plaintiff's application for the appointment of pro bono counsel is denied without prejudice to plaintiff renewing the application when this case is marked ready for trial, if circumstances warrant such an application. This denial also is without prejudice to plaintiff's hiring his own counsel to represent him in this matter.

Although plaintiff paid the fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to mail a copy of this Order to the pro se plaintiff at his address of record.

**SO ORDERED**.

Dated: May 21, 2021
Central Islip, New York

/s/ (JMA)
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE