# Exhibit "F"

HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT
------------------------------------------------------------------X

In the Matter of Disciplinary Charges
Preferred by Dr. Patrick Harrigan,
Superintendent of Schools of the
Half Hollow Hills Central School District,

    -against-

ROBERT PERRY,

Pursuant to the Provisions of Section 75
of the New York Civil Service Law.

------------------------------------------------------------------X

**STIPULATION OF SETTLEMENT AND GENERAL RELEASE**

WHEREAS, on November 21, 2018, Dr. Patrick Harrigan, the Superintendent of Schools for the HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT ("District") preferred charges pursuant to New York Civil Service Law §75 against ROBERT PERRY ("Respondent"), a paraprofessional employed by the Board of Education ("Board") for the District; and

WHEREAS, a hearing on the disciplinary charges was commenced before Arthur Riegel, Esq., a hearing officer who was duly appointed by the Board; and

WHEREAS, the hearing has not yet been completed; and

WHEREAS, the parties now desire to eliminate the need for further proceedings, have held discussions in which they were represented by counsel, have had all terms and conditions of this Stipulation thoroughly explained, and now freely consent to enter into this Stipulation, such consent not having been induced by fraud, duress, or any other influence; and

WHEREAS, the parties have reached an agreement as to the complete and final resolution of this matter;

1

NOW, IT IS HEREBY AGREED AND STIPULATED by and among said parties and their respective counsel that this matter shall be fully resolved as follows:

1. Respondent hereby tenders his irrevocable resignation from employment by the District, which shall take effect on February 15, 2019. Respondent's irrevocable letter of resignation is attached as Exhibit A.

2. Upon request by the Respondent, the District shall supply a neutral letter of reference which sets forth only Respondent's title/titles, and dates of employment.

3. Respondent agrees to withdraw with prejudice any and all claims Respondent currently has pending against the District, including, but not limited to any and all claims pending before the New York State Division of Human Rights and the Suffolk County Human Rights Commission.

4. Respondent shall provide the District with written confirmation that any and all claims currently pending before the District have been withdrawn with prejudice.

5. Other than as set forth in Paragraph 10 below, this Stipulation shall be irrevocable and not subject to recall or reconsideration pending its approval and acceptance by the Board by a duly adopted resolution made at a public meeting of the Board whereupon all of its terms shall become effective immediately. In the event that the Board declines to approve same, each and every term of this Stipulation shall be null and void and the parties reinstated to the positions they held immediately prior to the execution of this Stipulation.

6. This Stipulation and its terms shall be considered non-precedential, the terms having been agreed to solely with respect to considerations and facts unique to this Respondent, and

2

shall not be referred to in any manner or offered in evidence in any proceeding for any purpose except, if necessary, to enforce the terms of this Stipulation or as required by law, including lawfully ordered judicial or administrative subpoena.

7. In consideration of the obligations and stipulations contained herein, Respondent hereby releases and discharges the HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT, the Board of Education of the HALF HOLLOW HILLS CENBTRAL SCHOOL DISTRICT, the current and former members of the Board of Education of the HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT, and Superintendent of Schools Dr. Patrick Harrigan, both intheir individual and official capacities, their employees, former employees, agents, consultants, volunteers, heirs, executors, administrators, successors, and assigns, in their individual and official capacities, whether persons, firms or corporations, whether named herein or not, and each of them, from any and all actions, causes of actions, claims, charges, liability, responsibility, damages, costs, expenses, employment benefits, compensation for work-related injuries or alleged work-related injuries, grievances, claims for compensatory, general, punitive, exemplary damages, back pay, front pay, lost health insurance, pension, deferred compensation benefits, accrued leave, reinstatement, and legal fees, disbursements, costs, and compensation whatsoever, including, but not limited to, actions sounding in personal injury, emotional distress, wrongful or unlawful termination, contract or contractual obligations, violations of any state and/or municipal fair employment statutes or laws, or violations of any other state or federal law, rule, regulation pertaining to employment, wages, hours or any other terms and conditions of employment, and termination of employment, which Respondent

ever had, now has or hereafter can, shall or may, have for, upon, or by reason of any matter, cause or thing whatsoever, resulting from Respondent's employment in the HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT, from the beginning of the world to the day of Respondent's execution of this Stipulation, including, but not limited to, claims arising under: Section 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §794, et. seq., and its implementing regulations; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e et. seq., and its implementing regulations; the Age Discrimination in Employment Act of 1975, 42 U.S.C. §6101 et. seq., and its implementing regulation; the Federal Civil Rights Act, 42 U.S.C. §1983, and its implementing regulations; the Americans with Disabilities Act, 42 U.S.C. §12101, et. seq., and its implementing regulations; and the New York State Human Rights Law, Executive law §296. Moreover, nothing contained in this Stipulation shall preclude either party from enforcing the terms of this Stipulation of Settlement.

8. Respondent acknowledges that he has entered into this Stipulation freely, knowingly and openly, without coercion or duress, and that in accepting its terms he voluntarily waives any statutory, contractual or constitutional rights he has, had or may have had in this matterpursuant to the Civil Service Law or other provision of law.

9. Respondent affirms that he has had access to and has consulted with counselthroughout these proceedings concerning the ramifications of this Stipulation and is satisfied with the legal representation he has received in all respects.

10. By executing this Stipulation, Respondent acknowledges that in accordance with the Older Workers Benefit Protection Act (29 U.S.C. section 626): (i) he enters in to this

4

Agreement voluntarily and with full understanding and knowledge of its consequences; (ii) he has been advised to consult with an attorney before executing this Agreement and has discussed the Agreement with an attorney of his own choosing in connection herewith; (iii) he has been advised that he has seven (7) days following his execution to revoke it (the "Revocation Period").Respondent knowingly and voluntarily waives the twenty-one (21) day pre-execution consideration period set forth in the Older Workers Benefit Protection Act (29 U.S.C. 626(f)(1)(F)(i)).

11. This written Stipulation contains all the terms and conditions agreed upon by the parties hereto in regard to the charges preferred against Respondent pursuant to §75 of the Civil Service Law, and no other agreement, oral or otherwise, regarding said charges shall be deemed to exist or to bind any of the parties hereto or to vary any of the terms contained herein.

12. Respondent has executed this Stipulation and the attached "letter of resignation," of his own free will, without duress or coercion of any kind and does so on, the advice of counsel.

13. The parties acknowledge that they have read and considered all the terms of this Stipulation and sign it knowingly and voluntarily after due consideration.

14. In the event that the Board does not approve this Stipulation, the Board's duly appointed hearing officer, Arthur Riegel, shall retain jurisdiction over this matter.

15. In the event that any one or more terms of this Stipulation are found by a Court, Arbitrator or other body with competent jurisdiction over the parties, to be void,

unenforceable or contrary to law, said term or terms shall be severed from this Stipulation and the remaining terms shall remain in full force and effect.

16. This Stipulation may only be modified in writing if approved by Respondent and Board of Education.

17. This Stipulation shall be governed by the laws of the State of New York.

Dated: 3/1/19

_____
Robert Perry
Respondent

Dated: 2/15/2019

_____
Famighetti & Weinick, PLLC
By: Peter J. Famighetti
Attorney for Respondent, Robert Perry

Dated:

_____
Eric Geringswald, President
Board of Education of the
Half Hollow Hills Central School District

Dated:

_____
Frazer & Feldman, LLP
By: Joseph Lilly, Esq.
Attorneys for the
Half Hollow Hills Central School District

6

# EXHIBIT A

Supt. Patrick Harrigan
Half Hollow Hills C.S.D.

Dear Dr. Harrigan:

    I, Robert Perry, hereby tender my irrevocable letter of resignation as a Paraprofessional with the Half Hollow Hills Central School District, effective at the close of business on February 15, 2019.

Robert Perry