# Exhibit "H"



**Division of Human Rights**

RECEIVED

JUN − 1 2020

SUPERINTENDENT
HALF HOLLOW HILLS CSD

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

ROBERT G. PERRY,

                        Complainant,

v.

HALF HOLLOW HILLS CENTRAL SCHOOL
DISTRICT,

                        Respondent.

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10205463

Federal Charge No. 16GC001066

      On 11/13/2019, Robert G. Perry filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of race/color, opposed discrimination/retaliation in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

      After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

      The instant complaint should be dismissed because Complainant does not provide sufficient evidence to support a prima facie case that Respondent engaged in unlawful discriminatory acts against Complainant.

      The Complainant, a former Paraprofessional with Respondent Half Hollow Hills Central School District charges the Respondent with unlawful discriminatory practices in relation to employment because of race and retaliation. The allegations of racial discrimination, harassment, and intimidation were already addressed and determined to have no probable cause in Complainant's previous complaint with the Division (SDHR #10197300). On 3/1/2019, Complainant, while represented by counsel, entered into a stipulation of settlement concerning his prior New York State Division Human Rights charge, in which he filed a complaint based on the same set of facts, and Section 75 charges brought against him. The Section 75 charges were

brought against him because his job performance was unsatisfactory and he had a series of problematic interactions with other staff members.

The allegation of retaliation should be dismissed because Complainant cannot establish a prima facie case of retaliation. Complainant failed to demonstrate he suffered a harm or adverse action caused by Respondent at any time after 3/1/2019. The Division requested a copy of the letter Complainant alleged to have submitted to Respondent for which he was allegedly retaliated against. Complainant claimed to have provided the letter to two separate regional offices, however there was no record the Division received such letter. Complainant subsequently submitted a letter dated 2/12/2018 in which he claims he filed a discrimination and harassment complaint in 2009. There is no record to indicate Respondent ever received this letter. Had Respondent retaliated against Complainant, the temporal proximity of the letter and Complainant's alleged "forced" resignation is over one year. The length of time between the two events is unreasonable to assume they are related. The investigation revealed in Complainant's previous complaint with the Division that Complainant had been counseled and disciplined at the District for multiple reports of alleged sexual harassment and other issues, not because of his race, sex, or retaliation. A no probable cause determination had been made on 4/4/2019.

Based on the foregoing, the investigation failed to uncover sufficient evidence to support that Respondent engaged in unlawful discrimination against Complainant. The record does not support a finding of probable cause in this matter.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition <u>within sixty (60) days after service of this Determination</u>. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

PLEASE TAKE FURTHER NOTICE that the above stated sixty (60) days to appeal may be affected by Executive Orders 202.8, 202.14 and 202.28 issued by Governor Cuomo. Please see the attached copies of the Executive Orders. If any further Executive Order affecting time to appeal is issued, the Division will post information about the Executive Order on its website, www.dhr.ny.gov.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated: May 20, 2020
Hempstead, New York

STATE DIVISION OF HUMAN RIGHTS

By: _____
Froebel Chungata
Regional Director