# Exhibit "C"



**Division of Human Rights**

**RECEIVED**

APR 1 0 2019

SUPERINTENDENT
HALF HOLLOW HILLS CSD

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

ROBERT PERRY,

                      Complainant,

v.

HALF HOLLOW HILLS CENTRAL SCHOOL
DISTRICT,

                      Respondent.

DETERMINATION AND
ORDER AFTER
INVESTIGATION

Case No.
10197300

Federal Charge No. 16GB900119

---

On 10/2/2018, Robert Perry filed a verified complaint with the New York State Division of Human Rights ("Division") charging the above-named respondent with an unlawful discriminatory practice relating to employment because of race/color, sex, opposed discrimination/retaliation in violation of N.Y. Exec. Law, art. 15 (Human Rights Law).

After investigation, and following opportunity for review of related information and evidence by the named parties, the Division has determined that there is NO PROBABLE CAUSE to believe that the respondent has engaged in or is engaging in the unlawful discriminatory practice complained of. This determination is based on the following:

Complainant alleged because he is a Caucasian male who filed *SDHR 10140509-Robert Perry v Half Hollow Hills Central School District* on 3/17/10 and *SCHRC Perry v Half Hollow Hills School District log # 05-18-024-E-S* on 5/23/18 he was brought up on bogus disciplinary charges and the females who complained about him were believed. Respondent denied the allegations of discrimination and retaliation, he was appropriately disciplined for performance and interpersonal issues.

The Division notes that Complainant is represented by a union. He is currently assigned to his home and subject to an ongoing Civil Service Section §75 disciplinary process.

Complainant has been a paraprofessional for Respondent since 2009, most recently assigned to Respondent's High School West, and mostly providing 1:1 support to students with

individual educational plans (IEPs) and as a para/bus monitor for an after-school program. For the most part Complainant's evaluations were satisfactory, though for the school terms ending in 2014 and 2018 Assistant Principal Wayne Ebanks rated him 'needs improvement' in categories related to his professional relationships and attitude as well as overall. Notably Ebanks gave Complainant positive evaluations for 2016 and 2017.

On 2/6/18 Complainant and a union representative met with Ebanks, Assistant Superintendent Jeffrey Woodbury and Coordinator of High School Special Education Michelle Melfi regarding various deficiencies with Complainant's 1:1 monitoring, following teachers' directives and coworkers reporting that he made them feel uncomfortable including allegations that could be considered sexual harassment. The 2/8/18 meeting notes detail that they met the prior year about substantially the same issues which Complainant did not recall. Complainant countered that he follows teachers' directives, he usually supports his students appropriately, and one of the coworkers who complained about him was pressured by coworkers to make the report and she apologized to Complainant for making it, and she in fact made him feel uncomfortable in an allegation that could also be considered sexual harassment.

On 2/12/18 Complainant, a union rep and Ebanks met again to discuss deficiencies with his bus monitoring and he was removed from that duty. At the time (and during a Division interview) he stated he had motion sickness and other commitments so he no longer wanted to work at all for the after-school program, however on the 2/15/18 meeting note he wrote that he was uncomfortable working with the coworker whom he stated apologized for making the complaint about him.

Respondent provided an affidavit from Woodbury averring that he interviewed the coworker whom Complainant stated apologized, but she confirmed he made the sexually harassing comments that made her uncomfortable and denied being pressured to make the complaint or apologizing.

On 6/22/18 Ebanks issued the 'needs improvement' evaluation.

On 9/28/18 Complainant, a union rep and Ebanks met regarding his 1:1 student having a "meltdown" during the third period math class when Complainant was not there. Complainant stated there were no seats, but the teacher joined the meeting and said there were seats. Complainant was removed from the 1:1 assignment, then about a week later he was reassigned to his home and on 11/21/18 he was served with Civil Service Law Section §75 disciplinary charges that have not been completely resolved.

The Division takes no position on the substance of the Section §75 disciplinary charges or process.

The record conclusively establishes a contentious atmosphere between Complainant and various coworkers, teachers, and administrators, and Complainant contends the others' side of the story were believed rather than his and he was being discriminated against. However, Complainant own submissions support that he was at the very least a contributor if not protagonist in the interpersonal issues. Complainant identified a Caucasian male comparator who

was being treated better. The Division notes that Respondent is obligated to act if anyone reports being sexually harassed. Complainant countered the reports and issues with justifications, explanations and excuses. The investigation does not support that the reports and issues are pretext, and the real reason Complainant was counseled and disciplined was discriminatory animus based on his race or sex.

The record also conclusively established that Complainant engaged in protected activity. However, the record amply supports that there were incidents and issues involving Complainant that led to counseling and then discipline for which Complainant countered with justifications, explanations and excuses. The investigation reveals no support for his contention that all the incidents and issues were pretext, and the real reason he was being counseled and disciplined was discriminatory animus or because he complained.

The complaint is therefore ordered dismissed and the file is closed.

PLEASE TAKE NOTICE that any party to this proceeding may appeal this Determination to the New York State Supreme Court in the County wherein the alleged unlawful discriminatory practice took place by filing directly with such court a Notice of Petition and Petition within sixty (60) days after service of this Determination. A copy of this Notice and Petition must also be served on all parties including General Counsel, State Division of Human Rights, One Fordham Plaza, 4th Floor, Bronx, New York 10458. DO NOT FILE THE ORIGINAL NOTICE AND PETITION WITH THE STATE DIVISION OF HUMAN RIGHTS.

Your charge was also filed under Title VII of the Civil Rights Act of 1964. Enforcement of the aforementioned law(s) is the responsibility of the U.S. Equal Employment Opportunity Commission (EEOC). You have the right to request a review by EEOC of this action. To secure review, you must request it in writing, within 15 days of your receipt of this letter, by writing to EEOC, New York District Office, 33 Whitehall Street, 5th Floor, New York, New York 10004-2112. Otherwise, EEOC will generally adopt our action in your case.

Dated: April 4, 2019
Hempstead, New York

STATE DIVISION OF HUMAN RIGHTS

By: _____
Froebel Chungata
Regional Director

- 3 -