UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ROBERT PERRY,                                    Case No. 20-CV-5656
                                                 (JMA)(JMW)
                        Plaintiffs,

   - against -

HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT,
DR. JEFFREY WOODBERRY, MR. WAYNE EBANKS
and JENNIFER PALUMBO,

                        Defendants.
-------------------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

                                                                       VOLZ AND VIGLIOTTA, PLLC
                                                                       *Attorneys for Defendants*
                                                                       280 Smithtown Blvd.
                                                                       Nesconset, New York 11767
                                                                       (631) 366-2700

Of Counsel
Joshua S. Shteierman

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................i

PRELIMINARY STATEMENT ........................................................................................1

      POINT I
      THE SETTLEMENT AGREEMENT AND GENERAL RELEASE
      SIGNED BY THE PLAINTIFF WAS NOT THE RESULT OF
      DURESS AND COERCION AND SERVES AS AN ABSOLUTE
      BAR TO THE INSTANT SUIT ..............................................................................2

      POINT II
      PLAINTIFF'S OPPOSITION DOES NOT DISPUTE THAT HIS
      TITLE VII CLAIMS ARE TIME BARRED..............................................................3

      POINT III
      THE COMPLAINT IS DEVOID OF ANY FACTS SUFFICIENT
      TO SET FORTH A *PRIMA FACIE* CASE OF GENDER, AGE
      AND/OR DISABILITY DISCRIMINATION ..........................................................5

      POINT IV
      PLAINTIFF HAS ABANDONED HIS TITLE VII
      RETALIATION CLAIM..........................................................................................6

CONCLUSION..........................................................................................................................6

# TABLE OF AUTHORITIES

## Cases

<u>805 Third Ave. Co. v. M.W. Realty Assoc.</u>,
  58 N.Y.2d 447 (1983)..................................................................................................2

<u>Avola v. Louisiana-Pac. Corp.</u>,
  991 F.Supp.2d 381 (E.D.N.Y. 2013) ........................................................................4, 6

<u>Feingold v. New York</u>,
  366 F.3d 138 (2d Cir. 2004) .........................................................................................5

<u>Holowecki v. Fed Exp. Corp.</u>,
  440 F.3d 558 (2d Cir. 2006) .........................................................................................4

<u>Jacques v. DiMarzio, Inc.</u>,
  386 F.3d 192 (2d Cir. 2004) .........................................................................................5

<u>Kronick v. L.P. Thebault Co., Inc.</u>,
  892 N.Y.S.2d 895 (2d Dept. 2010)...........................................................................4, 6

<u>Madey v. Carman</u>,
  51 A.D.3d 985 (2d Dept. 2008) ....................................................................................2

<u>Reid v. IBM Corp.</u>,
  1997 WL 357969 (S.D.N.Y. 1997)...........................................................................2, 3

<u>Taylor v. City of New York</u>,
  269 F.Supp.2d 68 (E.D.N.Y. 2003) ..........................................................................3, 6

## Regulations

42 U.S.C. §2000e-5(f)(1).....................................................................................................4

Age Discrimination in Employment Act .........................................................................1, 2

Americans with Disabilities Act ...................................................................................1, 2, 5

Title VII of the Civil Rights Act of 1964 ................................................................... *passim*

## **PRELIMINARY STATEMENT**

It is respectfully submitted that the defendants' HALF HOLLOW HILLS CENTRAL SCHOOL DISTRICT, DR. JEFFREY WOODBERRY, MR. WAYNE EBANKS and JENNIFER PALUMBO (hereinafter collectively referred to as "the District defendants") motion to dismiss be granted in its entirety. Plaintiff does not refute that he signed a Settlement Agreement and Release which released the District defendants from each and every claim set forth herein. His newly asserted claim that the Agreement was signed as a result of duress and coercion is specious at best and must fail as the plaintiff had an alternate legal remedy available to him in lieu of signing the Agreement which he freely and willing entered into while represented by counsel. Nor does plaintiff refute that his Title VII discrimination claims are time barred based upon his failure to timely commence the instant action within ninety (90) days following receipt of a right-to-sue letter from the EEOC. Plaintiff's failure to oppose the District defendants' arguments constitutes an abandonment of such claims.

Moreover, even if such claims were substantively considered, the Amended Complaint fails to set forth a *prima facie* case of gender, disability or age discrimination. Specifically, the Amended Complaint fails to specify a single discriminatory act taken by the District defendants due to impermissible considerations of plaintiff's gender, nor does it even identify his age or disability in order for this Court to evaluate whether plaintiff fits into a protected class under either the ADA or ADEA.

As such, it is respectfully submitted, for the reasons set forth more fully herein, that the District's defendants' motion to dismiss be granted and the plaintiff's Amended Complaint be dismissed in its entirety.

1

## POINT I

### THE SETTLEMENT AGREEMENT AND GENERAL RELEASE SIGNED BY THE PLAINTIFF WAS NOT THE RESULT OF DURESS AND COERCION AND SERVES AS AN ABSOLUTE BAR TO THE INSTANT SUIT

In his two pages of written "opposition" to defendants' motion to dismiss, the plaintiff does not refute that on February 15, 2019, he signed a Stipulation of Settlement which contained a full release for any and all claims arising out of his employment with the District, including but not limited to any claims arising under Title VII, the ADEA, ADA and the New York State Human Rights Law. (See Exhibit "F", annexed to Shteierman Declaration, dated July 27, 2021). Instead, for the first time plaintiff conclusively alleges that said agreement was signed under "duress and coercion" when he was yelled at and threatened with lies. (See Plaintiff's Opposition Brief (PT 2), dated October 25, 2021). Of course, the plaintiff provides no specifics as to the unnamed threats or lies attributable to the District and therefore has failed to establish that the signing of the Settlement Agreement and General Release was done so as a result of duress and/or coercion.

Under New York Law, in order to successfully bring a cause of action sounding in duress or coercion, the Plaintiff is required to establish that "it was compelled to agree to the contract terms because of a wrongful threat by the other party which precluded the exercise of its free will." Madey v. Carman, 51 A.D.3d 985 (2d Dept. 2008), *quoting* 805 Third Ave. Co. v. M.W. Realty Assoc., 58 N.Y.2d 447 (1983).

Of course, here plaintiff has not pled any allegations which would constitute a threat, let alone a wrongful threat, which was made by the District defendants or any of the District's representatives. Moreover, the Plaintiff has not pled any allegations which would suffice to establish that the Plaintiff was precluded from exercising his free will. *See* Reid v. IBM Corp., 1997 WL 357969 at *7 (S.D.N.Y. 1997) (holding that "one cannot successfully claim duress as a

2

defense to a contract when he had an alternative to signing the agreement. Plaintiff could have rejected the Release and pursued his legal remedies. Courts have found this option—turning down the additional severance and pursuing legal claims—to be a reasonable alternative, even if a hefty financial incentive is offered for signing the Release").

Here, plaintiff had full opportunity to explore his legal remedies and in fact attaches to his first written statement in opposition to the instant motion, a correspondence from his attorney who represented him at the time wherein the plaintiff was advised that if he did not want to sign the agreement he could "take the fight to the hearing". (See Famighetti Correspondence, appended to Plaintiff's Opposition Brief, dated October 18, 2021). As such, not only did plaintiff have an alternative to the agreement, he was made aware of such alternative by his attorney and still choose to sign the Agreement. Thus, there was no duress or coercion. Reid, *supra*.

As has been established, the Release is fully enforceable, not a result of duress or coercion, and serves as an absolute bar to the instant suit.

## POINT II

## PLAINTIFF'S OPPOSITION DOES NOT DISPUTE THAT HIS TITLE VII CLAIMS ARE TIME BARRED

Notwithstanding the fact that plaintiff has previously released the District from all claims asserted in the instant lawsuit, even if substantively considered plaintiff's Title VII claims are time-barred. Significantly, plaintiff's opposition does not address the argument raised in defendants moving papers that his Title VII claims are untimely. Plaintiff's silence on the matter should be taken as an abandonment of these claims. *See* Taylor v. City of New York, 269 F.Supp.2d 68, 75 (E.D.N.Y. 2003), order clarified, 2003 WL 21781941 (E.D.N.Y. 2003) (Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party

opposing summary judgment fails to address the argument in any way); Avola v. Louisiana-Pac. Corp., 991 F.Supp.2d 381 (E.D.N.Y. 2013); Kronick v. L.P. Thebault Co., Inc., 892 N.Y.S.2d 895, 896 (2d Dept. 2010) (holding that plaintiff abandoned his claim by failing to oppose that portion of defendant's motion to dismiss).

Specifically, on October 12, 2018, the plaintiff filed a Complaint with the New York State Division of Human Rights alleging that he was discriminated against on the basis of his race and gender and that disciplinary charges were proffered against him by the District in retaliation for the filing of his NYSDHR Complaint. (See Exhibit "C", annexed to Shteierman Declaration, dated July 27, 2021). On April 4, 2019, the NYSDHR issued a "no probable cause" finding. (See Exhibit "C", annexed to Shteierman Declaration, dated July 27, 2021). On June 25, 2019, the EEOC adopted the NYSDHR findings and issued plaintiff a right-to-sue letter. (See Exhibit "D", annexed to Shteierman Declaration, dated July 27, 2021). Under Title VII, an aggrieved person has ninety (90) days following the issuance of a right-to-sue letter in which to commence an action. *See* 42 U.S.C. §2000e-5(f)(1). Thus, the plaintiff had until September 23, 2019, by which to timely commence a Complaint premised upon his Title VII race and gender discrimination claims. *See generally*, Holowecki v. Fed Exp. Corp., 440 F.3d 558, 563 (2d Cir. 2006). The instant action, however, was not commenced until November 9, 2020, more than one year after the issuance of the aforementioned EEOC right-to-sue letter.

Accordingly, plaintiff's Title VII race and gender discrimination claims are untimely and must be dismissed.

4

## POINT III

### THE COMPLAINT IS DEVOID OF ANY FACTS SUFFICIENT TO SET FORTH A *PRIMA FACIE* CASE OF GENDER, AGE AND/OR DISABILITY DISCRIMINATION

Plaintiff's opposition papers provide no more specificity as the basis for his gender, age, and disability discrimination claims then did his conclusory and baseless Amended Complaint. In fact, the plaintiff's opposition papers fails to identify a single adverse action he alleges was taken by the District as a result of his gender, and moreover fails to identify both his age and any alleged disability from which he suffers in order to evaluate his claims of age and disability discrimination. Accordingly, even if substantively considered plaintiff's gender, age and disability discrimination claims fail as a matter of law.

In order to set forth a *prima facie* age discrimination claim, a plaintiff must demonstrate that (1) he is a member of a protected class, (2) he was qualified for the position, (3) he suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference discrimination. Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004). Likewise, to establish a claim for disability discrimination, plaintiff must show that: (1) his employer is subject to the ADA; (2) he suffers from a disability within the meaning of the ADA; (3) he was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) he suffered an adverse employment action because of his disability. *See* Jacques v. DiMarzio, Inc., 386 F.3d 192, 198 (2d Cir. 2004).

The Amended Complaint, as well as plaintiff's opposition papers, fail to identify both his age and his disability rendering the Court unable to evaluate the first prong of the aforementioned pleading standard necessary to set forth a *prima facie* case of disability and age discrimination. Accordingly, such claims must be dismissed as a matter of law.

## POINT IV

### PLAINTIFF HAS ABANDONED HIS TITLE VII RETALIATION CLAIM

Plaintiff does not oppose the District's motion seeking dismissal of plaintiff's Title VII retaliation claims. Of course, the plaintiff has released the District from such claim, however, his failure to oppose the defendants' motion further justifies dismissal.

Plaintiff's silence on the matter should be taken as an abandonment of these claims. *See* Taylor v. City of New York, 269 F.Supp.2d 68, 75 (E.D.N.Y. 2003), order clarified, 2003 WL 21781941 (E.D.N.Y. 2003) (Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way); Avola v. Louisiana-Pac. Corp., 991 F.Supp.2d 381 (E.D.N.Y. 2013); Kronick v. L.P. Thebault Co., Inc., 892 N.Y.S.2d 895, 896 (2d Dept. 2010) (holding that plaintiff abandoned his claim by failing to oppose that portion of defendant's motion to dismiss).

Accordingly, plaintiff's Title VII retaliation claim has been abandoned and must be dismissed.

### CONCLUSION

For the reasons set forth above, defendants respectfully request that this court grant their motion, and dismiss plaintiff's Amended Complaint in its entirety together with such other relief this court deems just and proper.

Dated: December 6, 2021
Nesconset, New York

JOSHUA S. SHTEIERMAN

6