

**Volz & Vigliotta, PLLC**

Thomas M. Volz
Michael G. Vigliotta
David H. Arntsen
Joshua S. Shteierman
Anthony S. DeLuca

January 11, 2022

Honorable Joan M. Azrack
United States District Court
Eastern District of New York                    ***VIA ECF***
100 Federal Plaza
Central Islip, New York 11722

   Re: <u>Perry v. Half Hollow Hills CSD</u>
     Case No. 20-CV-5656 (JMA)(JMW)

Dear Judge Azrack:

We are the attorneys for the defendants Half Hollow Hills Central School District, Dr. Jeffrey Woodberry, Mr. Wayne Ebanks and Jennifer Palumbo in the above matter. We write in response to plaintiff's impermissible sur-reply, filed on January 3, 2021 [DE#46] to the defendants' fully briefed motion to dismiss and asked that same be stricken and not considered by the Honorable Court.

By way of background and pursuant to your Honor's order of July 1, 2021, the defendants' motion to dismiss was to be served by August 2, 2021, plaintiff's opposition was due by September 1, 2021, and the motion was to be fully briefed and filed by September 15, 2021. Indeed, defendants served their moving papers on the plaintiff on August 2, 2021. Despite your Honor's Order, by September 15, 2021, plaintiff had not yet submitted opposition to the defendants' motion to dismiss and therefore same was electronically filed. [DE #33].

On September 27, 2021, nearly two months after plaintiff's opposition was due under the aforementioned scheduling order, the plaintiff requested additional time to oppose the defendants' motion to dismiss [DE#38]. The Honorable Court granted the plaintiff's request and ordered that the plaintiff's opposition to the defendants' motion to dismiss be served by November 15, 2021 and that the fully briefed motion be filed, pursuant to the bundle rule, by December 6, 2021. Accordingly, defendants' motion to dismiss was fully briefed and filed on December 6, 2021. [DE #45].

Despite having over three (3) months to serve his opposition and having already served two separate documents characterized as opposition to the defendants' motion to dismiss, on January 3, 2022 plaintiff filed a sur-reply to defendants' motion. [DE #46]. The sur-reply reiterates arguments made in plaintiff's two previously filed "oppositions", contains a defamatory and unsubstantiated accusation of perjury against the undersigned, recounts an alleged recent encounter with a former colleague, and seeks to "add a partial witness list." *Id*. It is respectfully submitted that the sur-reply is improper, without substance, and should be stricken by the Honorable Court.

It is well established that sur-replies are not permitted and counsel must raise all legally viable arguments in support of their position in the first instance, and not as an afterthought. <u>United States v. Defreitas</u>, 2010 WL 2710445 at *1 (E.D.N.Y. 2010); *see also* <u>Endo Pharm. Inc. v. Amneal Pharm.</u>,

Honorable Joan M. Azrack                 Page 2                January 11, 2022
United States District Judge

       Re:     Perry v. Half Hollow Hills CSD, et al.
                 Case No. 20-cv-5656

LLC, 2016 WL 1732751 at *9 (S.D.N.Y. 2016) (striking a supplemental filing where the plaintiff "neither sought nor received permission from the court to file a [sur-reply]"). Here, as plaintiff did not seek leave to file a sur-reply and such supplemental filings are not permitted under the Federal Rules of Civil Procedure or local rules, it should be stricken and not considered by the Honorable Court.

Moreover, even if considered, the sur-reply does nothing to refute the defenses set forth and fully briefed in defendants' motion to dismiss which clearly establish defendants' entitlement to dismissal of the Complaint as a matter of law. Specifically, the sur-reply does not address the fact that plaintiff has already released the defendants from the very claims asserted in the instant action. The Release specifically included a waiver of the claims asserted in the instant suit pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the New York State Human Rights Law, Executive Law §296. The Release was entered into voluntarily and with consultation from plaintiff's then counsel and is therefore enforceable and a bar to the instant suit. Johnson v. Lebanese Am. Univ., 84 A.D.3d 427, 429-430 (1st Dept. 2011); Allen v. Riese Org., Inc., 106 A.D.3d 514, 516 (1st Dept. 2013).

Additionally, the sur-reply does not address the fact that plaintiff's Title VII claims are time barred as the plaintiff failed to timely commence the instant suit upon receipt of an EEOC "Right to Sue Letter". Specifically, plaintiff filed a complaint with the New York State Division of Human Rights ("NYSDHR") on October 2, 2018 wherein he alleged the same claims of race and gender discrimination as alleged in the instant matter. On June 25, 2019, the EEOC adopted the NYSDHR's "no probable cause" findings and issued the plaintiff a right to sue letter. The instant action was not commenced until November 9, 2020, well more than the ninety (90) days afforded to a plaintiff following receipt of such a right to sue letter. As such, plaintiff's Title VII claims are time barred. *See* 42 U.S.C. § 2000e–5(f)(1); Bowen-Hooks v. City of New York, 13 F. Supp. 3d 179, 202 (E.D.N.Y. 2014) (holding that a plaintiff may not bring claims "involving exactly the same facts" that comprised an earlier right-to-sue letter on which a plaintiff did not act).

Finally, plaintiff's sur-reply fails to provide any further information to evaluate his age or disability discrimination claims. With respect to plaintiff's ADEA claims, the Amended Complaint fails to set forth the plaintiff's age to even evaluate whether he is withing the protected class. Terry v. Ashcroft, 336 F.3d 128 (2d Cir. 2003). Plaintiff's ADA claim is equally meritless as it provides no facts to establish knowledge of the District of such disabilities, requests by the plaintiff of accommodations, and/or denial by the defendants of any such requests. McElwee v. Cty. of Orange, 700 F.3d 635 (2d Cir. 2012). Plaintiff's sur-reply similarly does nothing to assist the Court in evaluating these claims.

As such, it is respectfully submitted that plaintiff's impermissible sur-reply be stricken and not considered by the Honorable Court.

                                                      Respectfully Submitted,

                                                      VOLZ & VIGLIOTTA, PLLC

                                                      /S/

                                                      Joshua S. Shteierman

Honorable Joan M. Azrack  Page 3  January 11, 2022
United States District Judge

      Re:   <u>Perry v. Half Hollow Hills CSD, et al</u>.
            Case No. 20-cv-5656

To:   Robert Perry
      *Plaintiff Pro Se*
      259 Overlook Place
      Baldwin, NY 11510